United States District Court
District of New Hampshire

U.S. DISTRICT COU
DISTRICT OF N
2006 MAY 12 A

Gordon C. Reid
Plaintiff,

v.

No.

Warren F. Dowaliby, Superintendent
Strafford County Jail ("SCJ");
Jesse McPherson, Captain, SCJ;
Kevin Sullivan, Lieutenant, SCJ;
First Name Unknown, McGowen
Corporal, SCJ;
Fred Steve, Correctional Officer, SCJ;
Defendants.

Complaint

Complaint With Jury Demand

Introduction: This is a Tort and Civil Rights Action seeking Declaratory and Injunctive Relief as well as Compensatory and Exemplary Damages.

I. Jurisdiction

Plaintiff invokes this Court's jurisdiction under Title 42 U.S.C. s. 1983 to hear and resolve his Civil Rights claims; Plaintiff further invokes this Court's pendent jurisdictional powers to hear and resolve his State law Tort claims.

Plaintiff reserves the right to add such further grounds for jurisdiction over the within allegations as may become known.

## II. Parties

1. Plaintiff, Gordon C. Reid, is presently being held in pretrial detention on Federal charges at the Strafford County House of Correction, a.k.a. Strafford County Jail (hereinafter, "SCC") located at 266 County Farm Road, Dover, NH 03820.

2. Defendant, Steven R. Monier, is the United States Marshal for the District of New Hampshire. Defendant Monier has a principle place of business at the U.S. Marshal's Office, 55 Pleasant Street, Room 207, Concord, New Hampshire 03301.

3. Defendant, (First Name Unknown) Kowalik, is the Superintendent of SCJ. Defendant Kowalik has a principle place of business at the Strafford County Jail ("SCJ"), 266 County Farm Road, Dover, NH 03820.

4. Defendant (First Name Unknown) McPherson, is a Captain of the guards at SCJ. Defendant McPherson has a principle place of business at the Strafford County Jail, 266 County Farm Road, Dover, NH 03820.

5. Defendant (First Name Unknown) Sullivan, is a Lieutenant of the guards at SCJ. Defendant Sullivan has a principle place of business at the Strafford County Jail, 266 County Farm Road, Dover, NH 03820.

6. Defendant (First Name Unknown) McGowan, is a Corporal of the guard at SCJ. Defendant McGowan

has a principle place of employment at the Strafford County Jail, 266 County Farm Road, Dover, NH 03820.

7. Defendant Fred Verne is employed by SCJ in the capacity of a jail guard. Defendant Verne has a principle place of employment at the Strafford County Jail, 266 County Farm Road, Dover, NH 03820.

8. Plaintiff brings this action against defendants, and each of them, in their personal and official capacity.

## III. Factual Allegations

9. On or about April 13, 2005 Plaintiff was indicted by a Federal Grand Jury on one count of interference with interstate commerce by force or threat of violence ("Hobbs Act").

10. On or about April 22, 2005 the U.S. District Court for the District of New Hampshire ("USDCNH") ordered Plaintiff held without bail.

12. On or about June 22, 2005 the U.S. Marshal for the District of New Hampshire, defendant Monier, transferred Plaintiff to the Strafford County Jail.

13. At all times relevant to this Complaint Plaintiff was, and is, a federal pretrial detainee housed at SCJ.

### Conditions of Confinement At SCJ

14. Defendants, and each of them, house both convicted prisoners and pretrial detainees in the same units, without discrimination.

15. For all purposes relevant to this Complaint, SCJ has general population and punitive segregation units.

General Population - Conditions of Confinement

16. Detainees and prisoners housed in general population are accorded the following rights and privileges:

(a) 18½ hours of out-of-cell time per day;

(b) use of (collect or toll) telephones to place out-going calls any time during out-of-cell time;

(c) use of microwave any time during out-of-cell time;

(d) use of televisions any time during out-of-cell time;

(e) use of radio anytime;

(f) access to the canteen where detainees or convicts may purchase, but not limited to, the following: food, clothing, pharmaceuticals, phone time (calling card), writing implements, stamps, envelopes, hygiene products, games;

(g) eligibility for jobs paying up to $1.50.00 an hour;*

(h) access to recreational deck ("rec-dec");

(i) are allowed to consume meals in common-area;

(j) participation in educational and rehabilitation programs.

(k) access to the library;

(l) access to the law computer;** and

(m) other miscellaneous rights and privileges.

---

* This does not include African-American federal pretrial detainees.

** SCI does not have a legal library. Access to state and federal law is by use of the Lexis-Nexis database on CD ROM and external hard-drive plugged into a CPU.

Disciplinary Segregation - Conditions of Confinement.

17. According to the "Strafford County Department of Corrections Inmate Handbook" (hereinafter, "I.H."), any inmate found to be in violation of an inmate rule will be subject to disciplinary sanctions or criminal prosecution depending on the type of ~~prosecution~~ violation.

18. According to the I.H. inmates may be given, inter alia, as sanctions for violating a minor rule, up to fourteen days in Disciplinary Segregation; and as sanction for violating a major rule, confinement in Disciplinary Segregation for up to thirty days per incident, but not more than fourteen consecutive days without review of the Superintendent.

19. The I.H. proscribes the imposition of listed sanctions only by a "Disciplinary Officer/Committee" after a hearing held in accordance with some due process requirements and a finding of guilty.

20. The I.H. specifically prohibits a "Disciplinary Officer/Committee" from imposing, inter alia, the following sanctions: Deprivation of correspondence, visiting, or telephone privileges when the violation is unrelated to those activities; and the receipt of privileged mail (legal, attorney) may not be suspended.

21. From on or about March 28, 2006, detainees housed in Disciplinary Segregation, including this Plaintiff are allowed only one (1) hour of out-of-cell time per day ~~,~~ but are not allowed or accorded any of the other rights and privileges enumerated in par. 16, subp. (a)-(m), inclusive.

22. Throughout Plaintiff's placement in Disciplinary Segregation on or about March 28, 2006, Defendants did subject him to the above-referenced conditions of confinement as set forth in par. 21, supra; furthermore, defendants did deprive Plaintiff of the ability to make out-going, or receive in-coming attorney or legal calls as well as the right or privilege to place out-going personal calls; Defendants also, thereabout, seized all of Plaintiff's legal files, law books, and work-product related to his criminal charge for which was/is being detained.

Other Relevant Conditions of Confinement

23. Defendants also:

(a) do not provide detainees with outside exercise or recreation, including this Plaintiff;

(b) deprive detainees of a full and complete night's sleep by (i) leaving cell lights on 24 hours a day, and (ii) by cleaning throughout the night while operating loud machinery - which deprivation of sleep Plaintiff has and continues to suffer since on or about 6.22.05.

24. Defendants force or coerce detainees, including Plaintiff, to work by posting work schedules, or giving orders through their subordinates, under threat of disciplinary action, and without giving any compensation.

25. Defendants have on average of once a week, whenever Plaintiff was housed in general population from on or about June 26, 2005 to March 28, 2006, forced him to work; while

conversely, repeatedly overlooking his, and other federal African-Americans detainees' request for a paying job in favor of non African-American federal detainees.

Use of Pepper Mace.

26. In late December or early January (2005-2006) Plaintiff was attacked by a detainee who he promptly seized and restrained from further physically assaulting his person, at which juncture defendant McBomen arrived.

27. Defendant McBomen responded by spraying excessive amounts of pepper mace several times into Plaintiff's eyes, nose, mouth, back of head, and front upper body.

28. Immediately following being maced Lt. Sullivan ordered Plaintiff be taken to the shower room in the "Intake," which he knew, or should have known, was only warm-hot.

29. Defendant Sullivan knew, or reasonably should have known, the Plaintiff had been sprayed with mace, and that a warm to hot shower would open his pores while "washing" the mace over different parts of his body, and that those parts, too, would also began to burn.

30. In compliance with Defendant Sullivan's order as above referenced, Plaintiff was taken to Intake and placed in a warm-hot showers, causing the mace to be washed down to his lower body, and in particular his genitals, where it began to cause immense pain upon settling into the pores which were opened by the hot water.

31. As a direct and proximate result of Defendant McBomen's actions Plaintiff suffered immense burning to his eyes, nose, throat, head, and upper body; furthermore,

his eye(s) were left swollen and blood filled for four (4) days, and ultimately he has suffered a permanent reduction in his vision.

32. As a direct and proximate result of Defendant Sullivan's actions as above-referenced Plaintiff suffered severe burning in his genitals for two (2) days.

## Access to the Law

33. SCF does not have a law library, but does provide limited access to the law - i.e., legal publication of cases, and statutes - by way of "Lexis/Nexis" CD-rom/external hard drive which includes, but is not limited to:

(a) decisions of the N.H. Supreme Court;

(b) decisions of U.S. Federal District Courts;

(c) decisions of U.S. Court of Appeals;

(d) decision of U.S. Supreme Court;

(e) N.H. Revised Statutes Annotated; and

(f) U.S. Code Service.

34 The above referenced is contained on a computer; herein after referenced as the "law computer."

35. While at the time of the incident hereinafter set forth SCF had three law computers - one on a cart containing only state law, one in the computer room containing only federal law, and a third (also on a cart) that contained both federal and state publications - Plaintiff refers to the third computer (below) unless otherwise specified.

36. The Law Computer also contains word processing

programs allowing for the creation and storage of documents under password.

37. Plaintiff is proceeding pro se and has utilized the Law Computer since July of 2005 to do his research, and wordprocessing.

38. As of the date SCI official(s) seized the Law Computer, or otherwise refused to allow him access to the same, Plaintiff had created and stored (under password) over 400 documents including motions, memoranda, research on various legal issues, affidavits, correspondence, etc., related to Plaintiff's case

39. That on or about March 30, 2006 Defendants did seize the Law Computer and thereafter refused to allow him access thereto, and refused him access to any telephone.

40. Defendants knew, or reasonably should have known, that Plaintiff heavily relied upon the computer (Law Computer) to prepare his criminal case, and that without access to said computer he would be ~~hee~~ severely, if not completely, prevented from adequately defending himself, and moving his case forward.

41. Plaintiff also had in his possession the complete section on the digest topic "Criminal Law" contained in the Federal Practice and Procedure digests consisting of approximately 17 books and cumulative pamphlets; that on or about March 30, 2006 defendant seized these books & pamphlets and thereafter refused to

allow him access thereto.

42. Also in Plaintiff's possession were the following:

(a) 2005 Federal Rules and Criminal Codes;

(b) U.S. Sentencing Guidelines; and

(c) U.S. Dist. N.H. Local Rules of Court;

that on or about March 30, 2006 defendants did seize these publications, and thereafter refused to allow him access thereto.

43. On or about March 30, 2006 defendants seized Plaintiff's writing implements, stamps and envelopes.

44. On or about April 15th, 2006 defendants seized Plaintiff's hard (paper) files related to his case, which files included motions, memoranda, affidavits, reports from his investigator, psychiatric evaluations, and other documents related to his case.

45. Defendants knew, or reasonably should have known, that Plaintiff relied heavily upon his books (as above-referenced) and files (as above-referenced) to prepare his criminal case without which he would be severely, if not completely, prevented from adequately defending himself, and moving his case forward.

46. That on or about April 15, 2006 Plaintiff was sent a set of transcripts of his first trial which had ended in a mistrial. Defendants, however, without Plaintiff's knowledge, seized the transcripts and

did not inform Plaintiff that SCC had received the transcripts.

47. Defendants thereafter opened and destroyed the packaging in which the transcripts had been mailed, and destroyed part of the content of the packages, deliberately, and without the knowledge or consent of the Plaintiff.

48. Approximately eleven days after the transcripts arrived, on or about April 26, 2006 Defendants attempted to delivered the altered package to Plaintiff which he promptly declined to receive.

49. As a direct and proximate result of defendant's actions as alleged in par# 46-48, inclusive, Plaintiff was prevented from complying with procedural orders of the U.S. District Court in a timely manner; thus, resulting in further delay of Plaintiff's criminal case.

Disciplinary Boards.

50. The rules and regulations of SCC provide that detainees and convicts will not be placed in punitive segregation except upon being found "guilty" by a "disciplinary board" of specifically enumerated rules contained in a rules pamphlet.

51. ~~50~~. Defendant Serne is the hearings officer at SCC disciplinary boards.

52. ~~SCC~~ (SCC) Defendants have repeatedly placed Plaintiff in punitive segregation without a finding of guilt and issuance of such a sanction.

53. Defendants do not inform detainees of the factual basis underlying allegation(s) of rule(s) violation until after the commencement of the disciplinary hearing.

54. On several occasions, Plaintiff was alleged to have violated various rules of UCO defendants did not inform of the factual basis underlying the alleged rule infraction until after the commencement of the disciplinary hearing.

55. On each of the above referenced occasions (par. #54) defendant was the hearing officer.

56. Plaintiff appealed defendant Jeme's findings to defendant Donaliby on the ground, inter alia, that he had not been informed of the specific factual allegations upon which he was allegedly violated a rule or rules until after the commencement of the hearing, to no avail.

57. As a direct and proximate result of defendants' conduct as above-alleged in par. #50-56, inclusive, Plaintiff was made to illegally and unlawfully suffer approximately 3 months in punitive segregation.

IV. Statement of Claims

58. That defendants Donaliby, McPherson, and Sullivan have, and are, violating plaintiff's right to access to the court, Present a defense, due process in contravention to the §1st, 5th, 14th and 6th Amendments of the U.S. Constitution by denying, or otherwise refusing to allow him access to, the law Computer, Plaintiff's electronic files, Plaintiff's law books, legal files and by tampering/altering his trial transcripts

without his knowledge or consent: Plaintiff incorporates by reference par. 33-49, inclusive as if set forth in this par. 58.

58-A. That defendant Dowaliby discriminates against African-American pretrial federal detainees in deciding which individuals, or approving such individuals, for paid jobs open to federal pretrial detainees; or in the alternative, that defendant Dowaliby knows, or reasonably should know, that African-American federal detainees are discriminated against in such manner, and having the power and duty to prevent this injustice, did not do so; that for such reason violated Plaintiff's ~~defendants~~ right to Equal Protection under the 5th and 14th Amendments, and failed to prevent or protect from said violation: Plaintiff incorporates by reference par. 16(a) & 25.

59. That defendants Sullivan, Serne, and Dowaliby did either place, or sanctioned and approved the placement, of Plaintiff in punitive segregation before, and without a finding of a violation of the rules & duly provided disciplinary hearing in accordance with due process; that for such reason(s) defendants violated Plaintiff's right to due process in contravention to the 5th, and 14th Amendments of the U.S. Constitution: Plaintiff incorporates by reference par. 50-57, inclusive.

60. That defendants Dowaliby & Serne repeatedly held Plaintiff to answer and defend charges made against him without first informing him of the specific factual allegation underlying in violation of his right to due process under the 5th and 14th Amendments: Plaintiff incorporates by reference par. 50-57.

61. That defendants Haborwen and Sullivan used excessive force upon Plaintiff by spraying him with mace without cause,

or in the alternative, by using excessive amounts of mace; and/or by subsequently placing defendant in a warm-hot shower; that for such reason(s) defendants Sullivan & McGowen violated Plaintiff's right to be free from cruel and unusual punishment in contravention to the 5th, 8th, and 14th Amendments of the U.S. Constitution; Plaintiff incorporates by reference par. 26-32.

62. That in the alternative, defendants Sullivan & McGowen, by 1) excessively spraying Plaintiff with pepper mace, 2) spraying Plaintiff without justification or cause, and/or 3) placing Plaintiff in a warm-hot shower immediately after spraying him, or by any one or combination thereof, did subject Plaintiff to the Negligent Use of Force in contravention to the laws of the State of New Hampshire; Plaintiff incorporates by reference par. 26-32.

63. That defendant Dowaliby violated Plaintiff's right to be free from cruel and unusual punishment in contravention to the 5th, 8th, 14th Amendments of the U.S. Constitution by failing or refusing to provide detainees outside exercise recreation; Plaintiff incorporates par. 18.

64. That defendant Dowaliby violated Plaintiff's right to be free of cruel and punishment in contravention to the 5th, 8th & 14th Amendments of the United States Constitution by failing to allow Plaintiff, and others housed in punitive segregation, outside exercise or recreation;

(a) Plaintiff incorporates by reference par. 16-18 as if fully set forth herein.

65. That defendant Donaliby violated Plaintiff's right to be free of cruel and unusual punishment in contravention to the 5th, 8th, and 14th Amendments of the U.S. Constitution by refusing to allow Plaintiff the opportunity to sleep 7 hours without interruption:

(a) Plaintiff incorporates by reference par. 20-22, 23 inclusive, as if fully set forth in this par. 65.

66. That defendant Donaliby violated Plaintiff's right to be free of involuntary servitude in contravention to the 13th Amendment of the U.S. Constitution by forcing or coercing Plaintiff to perform various tasks against his will or consent:

(a) Plaintiff incorporates by reference par. 24-25, inclusive, as if fully set forth in this par. 66.

67. That defendant Donaliby violated Plaintiff's right to be free of being forced or coerced to work under NH RSA and constitution by forcing or coercing him to perform various tasks against his will or consent:

(a) Plaintiff incorporates by reference par. 24-25, inclusive, as if fully set forth in this par. 67.

68. That defendant Warner failed to prevent SCF officials from violating Plaintiff's right of access to the court, due process, and to defend in contravention to the 1st, 5th, and 6th Amendments of the U.S. Constitution by agreeing to the actions of defendants Donaliby and Atkinson as set forth in par. 58: Plaintiff incorporates by reference par. 33-43, and 45-49, as if fully set forth in this paragraph.

69. As to each and every claim, Plaintiff has exhausted such administrative remedy as provided by SCI by filing grievances and appeals; furthermore, Plaintiff further asserts that SCI's grievance procedure is deficient insofar as it lacks accountability, and that grievances are rarely answered.

## X. Relief Requested

### Declaratory Relief

A. With regard to Plaintiff's right to access to the court, Plaintiff requests this Court declare that under the circumstances of this case, access to the Law Computer is part and parcel of that right and

(1) that defendants violate Plaintiff's right to grievance the government, access to the court, due process, and to present a defense under the 1st, 5th, 14th, and 6th Amendments of the U.S. Constitution, respectively, or any one or combination thereof, when defendant seize or refuse to allow Plaintiff access to (a) the Law Computer, (b) Plaintiff's law books, (c) Plaintiff's legal files and papers, and (d) by refusing to allow Plaintiff to call members of the defense including expert witnesses, his private investigator, and standby counsel; or any one or combination thereof.

(2) that defendants' violate the above rights (A·(1)) by seizing Plaintiff's writing implements, stamps, stationery.

B. With regard to Plaintiff's right to be free from cruel and unusual punishment as pertaining to pretrial detainees by reason of the 5th, 14th Amendments, declare that:

(1) defendants violate that right by depriving, interfering with, or obstructing detainees' sleep at night;

(2) defendants violate that right by refusing to

provide or allow detainees with outside exercise/recreation.

Injunctive Relief

A. Plaintiff requests this Court enter a mandatory injunction enjoining the defendants from further violating any of the above violations as may be found by this Court.

Compensatory Damages

A. Plaintiff requests compensation in the amount of \$50,000.00 against each defendant on each violation;

B. With regard to state claims, Plaintiff requests \$50,000.00 in compensation, and such double and treble damages;

C. Plaintiff requests interest and lawyer fees, and costs

Punitive Damages

A. Plaintiff request punitive damages in the amount of \$200,000.00 against each defendant on each violation.

I, Gordon C. Reid, hereby certify the foregoing is true & correct. Signed under penalty of perjury on this the 29th day of April 2006.

Gordon C. Reid

Gordon C. Reid

266 County Farm Rd

Dover, NH 03820