UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GORDON C. REID

v.                                    MISC. No. 06-44S

WARREN F. DOWALIBY,
Superintendent, Strafford County
Department of Corrections, et als.

## MEMORANDUM AND ORDER

Plaintiff, Gordon C. Reid, is a federal pretrial detainee placed at the Strafford County Department of Corrections (the "SCDOC") in Dover, New Hampshire. On May 12, 2006, Plaintiff filed a Complaint against several employees of the SCDOC and the U.S. Marshal for the District of New Hampshire pursuant to 42 U.S.C. § 1983 challenging his conditions of confinement and claiming denial of access to law materials. He also filed a Motion to Proceed In Forma Pauperis ("IFP") and a Motion for Temporary Restraining Order ("TRO"). His IFP Motion was granted by the District of New Hampshire and then this matter was transferred to the District of Rhode Island because of the recusal of all of the New Hampshire Judges.[1] The case was assigned to District Judge William Smith and, on May 25, 2006, he referred Plaintiff's Motion for TRO to this Court for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a).

### Discussion

Plaintiff has requested an expedited hearing on his Motion for TRO because his criminal prosecution is scheduled for trial on or about July 18, 2006.[2] Plaintiff was indicted of one count of Hobbs Act robbery on April 13, 2005 and has been detained on that charge since on or about April

---

[1] It appears from the docket that the New Hampshire judges recused because of the presence of their District's U.S. Marshal as a named defendant.

[2] Plaintiff's first criminal trial ended on February 22, 2006 as a mistrial.

22, 2005. See United States v. Reid, CR 05-57JD (D.N.H.). Plaintiff is pro se in this case and pro se with stand-by counsel in the criminal case.

It is unclear from the docket if Plaintiff's Complaint and Motion for TRO have been served on the Defendants. In his Motion for TRO, Plaintiff includes a certificate of service signed by him which asserts that a copy of the Motion for TRO "was served on defendants, and each of them, concomitant to service of the Complaint." Plaintiff has not, however, filed proof of service of the Complaint as required by Fed. R. Civ. P. 4(l).

Because Plaintiff is a pretrial detainee in the care, custody and control of the SCDOC, this Court is hesitant to proceed on Plaintiff's Motion for TRO without assuring itself that the Defendants have been properly served with Plaintiff's Complaint and Motion for TRO, and given a reasonable opportunity to respond. Accordingly, IT IS HEREBY ORDERED:

1. The U.S. Marshal for this District shall serve Defendants forthwith with a copy of Plaintiff's Complaint and Motion for Temporary Retraining Order, and a copy of this Memorandum and Order.

2. Within seven (7) days of receipt of this Order and the accompanying documents, Defendants shall file a written response to Plaintiff's Motion for Temporary Restraining Order.

3. Defendants shall have twenty (20) days from the receipt of this Order and the accompanying documents to file an Answer or other responsive pleading to Plaintiff's Complaint.

ENTER:                                                                          PER ORDER:

_____                                                           _____
LINCOLN D. ALMOND                                                               Deputy Clerk
United States Magistrate Judge
June 2, 2006