**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| GORDON C. REID, | : | |
| Plaintiff, | : | |
| | : | Civil No. 1:06cv182 (ECT) |
| v. | : | Civil Misc. 1:06mc44-S (LDA) |
| WARREN F. DOWALIBY, Superintendent, Strafford County Department of Corrections, et al., | : | |
| Defendants. | : | June 13, 2006 |

**DEFENDANT STEVEN R. MONIER'S COMBINED RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Defendant Steven R. Monier ("Mr. Monier"),[1] United States Marshal of the District of New Hampshire, through his undersigned counsel, respectfully submits his response to *pro se* Plaintiff Gordon C. Reid's ("Mr. Reid") Motion for a Temporary Restraining Order ("TRO"). As set forth below, Mr. Reid's request for a TRO should be denied because he cannot demonstrate irreparable harm, and because he is unlikely to succeed on the merits. For the latter reason, Mr. Monier respectfully moves to dismiss the underlying Complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), respectively.

## I. BACKGROUND

Mr. Reid is presently being held in pretrial detention by the Strafford County Department

[1]In this suit, Mr. Monier is not named in his individual capacity, rather as the United States Marshal for the District of New Hampshire. Therefore, references to "Mr. Monier" are not intended to concede individual responsibility; rather, they solely encompass the United States Marshals Service.

of Corrections ("SCDOC") in Dover, New Hampshire, awaiting a criminal trial set to commence July 18, 2006, on a charge of robbing a Hess Convenience Store in Concord, New Hampshire, in violation of the Hobbs Act. *See* Complaint ("Compl."), ¶ 6; *see* Affidavit of Superintendent Warren Dowaliby, Strafford County House of Corrections ("Dowaliby Aff."), attached as Exhibit A, ¶ 2. Since entering the Strafford County House of Corrections ("SCHOC") on June 22, 2005, Mr. Reid has been involved in numerous incidents with inmates and corrections officers, including an alleged incident where Mr. Reid stabbed another inmate in the head with a spork (a hard plastic composite of spoon and fork) requiring intermittent placement in maximum security. *Id.* In April of 2006, as a result of Mr. Reid's dense disciplinary record, the SCDOC classified Mr. Reid as a maximum security inmate, as opposed to minimum or medium. *Id.* ¶¶ 2, 3. SCDOC assigns such maximum security inmates to disciplinary segregation and thereby in the maximum housing unit. *Id.* ¶ 3. Disciplinary segregation imposes certain limitations on privileges accorded to members of the general prison population. *Id.* ¶¶ 4, 5, 6. The privileges are customarily restored upon the inmate's display of good behavior. *Id.* ¶ 6.

Despite the restrictions placed upon inmates in disciplinary segregation, SCDOC has relaxed some of those restrictions in the case of Mr. Reid in consideration of his impending criminal trial at which he will represent himself. *Id.* ¶ 7. These privileges include access to legal research, via computer, and writing. *Id.* The Educational Director of SCHOC has kept a record of the times and dates when Mr. Reid was allowed out of his cell for purposes of legal research and preparation. *Id.* With some brief interruptions due to disciplinary problems, the record reflects that from March 30, 2006, to June 11, 2006, Mr. Reid has accessed legal materials and legal research via computer for a total of 46 ½ hours. *Id.*

Yet, on May 17, 2006, Mr. Reid filed a Complaint in the District Court of New Hampshire (Case No. 1:06cv182 (ECT)) against Mr. Monier, Warren F. Dowaliby, Superintendent of the SCDOC, and several other employees of the SCDOC, pursuant to 42 U.S.C. § 1983. Mr. Reid's lawsuit challenges, *inter alia*, the conditions of his detention, and the alleged confiscation of legal materials and denial of access to legal resources Mr. Reid claims is essential to preparing for his defense in the impending criminal trial. In conjunction with the Complaint, Mr. Reid filed motion for a TRO ("TRO Mot.") against the Defendants. On May 18, 2006, however, the judges in the District of New Hampshire recused themselves because Mr. Monier, as the United States Marshal for the District of New Hampshire, was named as a defendant. An order transferring the case to the United States District Court of Rhode Island was issued on May 19, 2006, and the Mr. Reid's TRO motion, along with the case file, was entered on the docket of the District Court of Rhode Island on May 25, 2006. On June 2, 2006, the Honorable Magistrate Judge Lincoln D. Almond issued a Memorandum and Order directing all Defendants to respond to the TRO motion no later than seven (7) days of receipt of the motion. The United States Marshal was served with a copy of the motion on June 7, 2006.

Mr. Reid filed a motion for a TRO based on allegations that Defendants, including Mr. Monier: (1) are not permitting Mr. Reid to place outgoing calls or to receive incoming calls, TRO Mot. ¶ 2; (2) are withholding from Mr. Reid writing and mailing supplies, TRO Mot. ¶ 4; (3) are not granting Mr. Reid access to legal reference material on the computer or in bound-form, TRO Mot. ¶¶ 1, 5; and (4) are depriving Mr. Reid of notes, correspondence, and files gathered in anticipation of the upcoming criminal trial, TRO Mot. ¶ 5. The harm that Mr. Reid believes will result from the foregoing is the inability to adequately prepare a defense in the trial scheduled to

begin on July 18, 2006, at which Mr. Reid is anticipated to represent himself with stand-by counsel. TRO Mot. ¶¶ 3, 5. He maintains that the alleged deprivations violate his rights to access the courts, to defend himself, and to due process afforded under First, Fifth, Sixth, and Fourteenth Amendments. TRO Mot. ¶ 1.

## II. STANDARD

A district court may, within its sound discretion, issue a TRO only upon showing by the requesting party that: "(1) plaintiff will suffer irreparable injury; (2) plaintiff's injury outweighs potential injury to defendants; (3) a likelihood of success on the merits; [and] (4) [the] public interest will not be adversely affected." *Clarostat Mfg. Co., Inc. v. Ostrau*, No. C82-299-L, 1983 WL 1315, at *1 (D.N.H. May 26, 1983) (citing *Planned Parenthood of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981)) (citations omitted).

"In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a court must construe the complaint liberally, treat all well-pleaded facts as true, and indulge all reasonable inferences in favor of the plaintiff." *Morey v. State of Rhode Island*, 359 F. Supp. 2d 71, 74 (D.R.I. 2005) (citing *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996) (citations omitted). "However, in ruling on a Rule 12(b)(1) motion, a court is not limited to the face of the pleadings. A court may consider any evidence it deems necessary to settle the jurisdictional question." *Id.* (citations and internal quotation marks omitted); *see Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) (observing that the court may consider materials beyond the pleadings on a Rule 12(b)(1) motion) (citations omitted). "It is the Plaintiff's burden to prove the existence of subject matter jurisdiction." *Id.* at 75 (citing *Murphy v. United States*, 45 F.3d, 522 (1st Cir. 1995)); *see Palazzolo v. Ruggiano*, 993 F. Supp. 45, 46 (D.R.I. 1998)

("Once a defendant challenges a court's subject matter jurisdiction, the plaintiff has the burden of establishing that jurisdiction exists.") (citing *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992)).

"Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Masterson v. U.S.*, 200 F. Supp. 2d 94, 97 (D.R.I. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. DISCUSSION

### A. Temporary Restraining Order

#### 1. Irreparable Injury

Mr. Reid brings this suit under 42 U.S.C. § 1983 to enjoin all Defendants to grant certain privileges he maintains are necessary to prepare his defense in a criminal trial scheduled for July 2006 – a right accorded under the Sixth Amendment, sometimes referred to as a "*Faretta* right." *See generally Faretta v. California*, 422 U.S. 806 (1975). He also claims that he is being denied access to the courts, ostensibly in violation of the Fifth Amendment. *See generally Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Schwerdtfeger v. A.A. Lamarque*, No. C 02-5672 SI (PR), 2003 WL 22384765, at *8 (N.D. Ca. Oct. 8, 2003).

As to the Fith Amendment claim, it is difficult to discern the harm asserted by Mr. Reid. After all, he managed to file his lengthy Complaint and his Motion for a TRO. He therefore, defeated his own allegation that he has been denied access to the courts. As to the Sixth Amendment claim, it has been recognized that "the right to self-representation necessarily includes and is premised upon the right of the defendant to prepare a defense." *Taylor v. List*,

880 F.2d 1040, 1047 (9th Cir. 1989). Upon information and belief, Mr. Reid has access to legal research and writing materials. *See* Dowaliby Aff. ¶ 2. Mr. Reid has therefore failed to establish irreparable harm. However, and in any evernt, as explained below, Mr. Monier is not competent to testify regarding the conditions at SCHOC or the policies of SCDOC because SCDOC is an independent contractor of the USMS. As such, Mr. Monier is not responsible for the alleged conduct or actions taken against Mr. Reid at the SCHOC. Therefore, Mr. Reid has not demonstrated irreparable harm that could be remedied by prescribing an injunction against Mr. Monier.

2. <u>Likelihood of Success on the Merits</u>

Mr. Reid is unlikely to succeed on the merits of his claims against Mr. Monier as head of the United States Marshals Service ("USMS") for the District of New Hampshire, because the USMS is an independent contractor without control over operations, policy, or management of the SCDOC. *See* Declaration of Cedric D. Bullock, Associate General Counsel for the Office of General Counsel, United States Marshals Service, attached as Exhibit B. Therefore, even assuming the Court determines that a TRO is appropriate, the USMS would not be in a position to comply with the TRO. In short, there is no relief to be obtained as against the USMS.

Furthermore, as explained below, the claims against Mr. Monier should be dismissed for want of subject matter jurisdiction or, alternatively, because he fails to state a claim.

**B. Mr. Monier's Motion to Dismiss the Complaint**

1. <u>There is No Subject Matter Jurisdiction</u>

To the extent that Mr. Reid attempts to assert tort claims against Mr. Monier

seeking damages for injuries resulting from the use of pepper spray on him, the claim is barred for lack of subject matter jurisdiction because Mr. Reid has not exhausted administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.* *See Acosta*, 445 F.3d at 513 ("The statute [] contains an exhaustion requirement, which has been viewed as 'a non-waivable jurisdictional requirement' limiting the suit to claims fairly made to the agency." (citing *Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 18, 19-20 (1st Cir. 1993)).[2]

Moreover, any tort claim Mr. Reid purports to bring against Mr. Monier is precluded by the independent contractor exception to the FTCA. For the FTCA recognizes certain civil actions against the United States based on: "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). "'Employee' includes 'officers or employees of any federal agency' and 'persons acting on behalf of a federal agency in an official capacity,' 28 U.S.C. § 2671, but 'federal agency' within the meaning of the statute 'does not include any contractor with the United States.'" *Acosta v. United States Marshals Serv.*, 445 F.3d 509, 513 (1st Cir. 2006) (quoting 28 U.S.C. § 2671). As it pertains to the instant matter, the independent contractor exemption "excludes liability where the

---

[2]The FTCA provides that

> An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

negligent treatment of federal prisoner is the fault only of a non-federal facility holding the prisoner under contract with the Marshals Service." *Id.* at 514 (citing *Logue v. United States*, 412 U.S. 521, 530-32 (1973)) (citation omitted); *see Wood v. United States*, 290 F.3d 29, 36 n. 4 (1st Cir. 2002) ("Pursuant to this theory, the government cannot be held vicariously liable for the negligence of an independent contractor unless it supervised the day to day operations of the contractor.") (citing *United States v. Orleans*, 425 U.S. 807, 815 (1976)); *see also Roditis v. United States*, 122 F.3d 108, 112 (2d Cir. 1997) ("[i]n rejecting plaintiff's arguments, we hold that in this suit under the FTCA, where the United States is wholly without fault, the federal government may not he held liable for a negligent or wrongful act or omission of an independent contractor even where state law would impose liability in such instances.").

Lastly, there is no subject matter jurisdiction over the constitutional claims (as opposed to the tort claims) against Mr. Monier. As a preliminary matter, Mr. Reid has not set forth the vehicle under which to bring his constitutional claims against a federal party. To the extent that a liberal construction Mr. Reid's *pro se* party's pleadings yields constitutional claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), Mr. Reid has not alleged facts to overcome sovereign immunity. If Mr. Reid's allegations are construed as a claim against Mr. Monier in his official capacity or against the USMS generally, there is no subject matter jurisdiction "[b]ecause an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, [and] such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d. Cir. 1994) 510; *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Alternatively, as discussed below, if the constitutional claims

are construed to implicate Mr. Monier in his individual capacity, the Complaint is devoid of any factual allegations regarding Mr. Monier's personal involvement in any constitutiona deprivation.

2. Failure to State a Claim

Mr. Reid's attempt to pursue claims against Mr. Monier is abortive not only on jurisdictional grounds, but, alternatively, because he fails to allege facts regarding any personal involvement by Mr. Monier in any alleged harm, constitutional or tortious.

In order to bring a *Bivens* action, a plaintiff must "allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right." *Tavarez v. Reno*, 54 F.3d 109 (2d Cir. 1995). Clearly, Mr. Monier has not done so. In addition, "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (citation omitted) (affirming district court's *sua sponte* dismissal of prisoner's claims against official for failure to allege personal participation or causal role in alleged unconstitutional action). "[A]n official meets the 'personal involvement' requirement when she acts or fails to act 'with a deliberate or reckless disregard of plaintiff's rights or if the conduct causing the constitutional deprivation occurs at her direction or with her personal knowledge and consent." *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994); *see Risley v. Hawk*, 108 F.3d 1396, 1396-97 (D.C.C. 1997) ("Absent allegations concerning the personal involvement by [] defendant[], appellant's Eight Amendment claims against them are nothing more than an allegation of *respondeat superior*, which is not cognizable in a *Bivens* action.); *cf. Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998) ("Because there is no doctrine of respondeat superior in *Bivens* actions, the supervisory federal officials named in the suit may be held liable only upon two bases. First, personal involvement

in the acts causing the deprivation of a person's constitutional rights creates personal liability. . . . Second, a supervisory official may be held liable if he implements a policy so deficient that the policy itself acts as a deprivation of constitutional rights.") (footnotes omitted).

The Complaint does not contain any factual allegations that Mr. Monier acted with deliberate or reckless diregard of Mr. Reid's rights, or that, Mr. Monier in any way had control over, much less knowledge of, the events outlined in the Complaint. In fact, the Complaint fails to allege even a single factual claim against Mr. Monier. Dismissal of all claims against Mr. Monier, and therefore the United States Marshals Service, is therefore proper under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Mr. Monier, the United States Marshal, respectfully requests that the Court deny the Motion for Temporary Restraining Order and dismiss the underlying Complaint as against Mr. Monier (and the USMS) for lack of subject matter jurisdiction under Rule 12(b)(1) or, alternatively, for failure to state a claim under Rule 12(b)(6).

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

VICTORIA S. SHIN
Special Attorney on Behalf of the
United States Marshals Service
157 Church Street
New Haven, CT 06510
Telephone No.: (203) 821-3799
Facsimile: (203) 773-5373

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing Defendant Steven R. Monier's Combined Response to Plaintiff's Motion for Temporary Restraining Order and Motion to Disniss Pursuant to Fed. R. Civ. R. 12(b)(1) and 12(b)(6) was sent via first class mail on this 13th day of June, 2006, to

Gordon C. Reid
Stafford County Department
of Corrections
266 County Farm Road
Dover, NH 03820

Victoria S. Shin
Special Attorney on Behalf of the United
States Marshals Service