**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **Gordon C. Reid,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Misc. No. 06-44S** |
| **v.** | : | |
| | : | |
| **Warren Dowaliby,** | : | |
| **Superintendent, Strafford County** | : | |
| **Department of Corrections, et. al.,** | : | |
| | : | |
| **Defendants.** | : | **June 23, 2006** |

**COUNTY DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR LATE FILING**

Warren Dowaliby, Superintendent of the Strafford County House of Corrections, and Captain McPherson, Lieutenant Sullivan, Corporal McGowen, and C/O Serne, of the Strafford County House of Corrections (hereinafter the County Defendants), by and through their undersigned counsel, respectfully submit their response to Plaintiff Gordon Reid's Motion for a Temporary Restraining Order (TRO). As set forth below, Mr. Reid's request for a TRO should be denied because he cannot demonstrate irreparable harm, and because he is unlikely to succeed on the merits. The County Defendants further request leave for late filing of their response to the Plaintiff's motion for TRO, due to circumstances set forth below.

**BACKGROUND**

Mr. Reid is presently being held in pretrial detention at the Strafford County House of Corrections (SCHOC) in Dover, New Hampshire. Mr. Reid is a federal inmate, being held by the County Defendants pursuant to contract with the Federal Marshall. Mr.

Reid is awaiting trial in federal district court in Concord, on a charge of violating the Hobbs Act. His trial is set to commence on July 18, 2006. Since he entered the SCHOC on June 22, 2005, Mr. Reid has been involved in numerous violent incidents with other inmates or correctional officers. *See*, Affidavit of Superintendent Warren Dowaliby, attached as Exhibit A. These violent outbursts by Mr. Reid have required intermittent placement in maximum security. Id. Because of the repetition, and escalating violence of these incidents, Mr. Reid was reclassified in April of 2006 as a maximum security inmate. Id. Maximum security inmates do not have many of the privileges accorded inmates in the general population of the SCHOC; they are expected to earn these privileges by maintaining discipline-free conduct. Id.

However, the SCHOC has relaxed some of the restrictions normally placed on maximum security inmates in Mr. Reid's case in consideration of his *pro se* status in his upcoming criminal trial. In particular, the SCHOC has allowed Mr. Reid access to his legal documents and to a computer for legal research on an almost daily basis. According to the records kept by SCHOC personnel, despite brief interruptions due to disciplinary segregation, Mr. Reid has been allowed 46 ½ hours of legal research and writing time between March 30 and June 11, 2006. Id.

On May 17, 2006, Mr. Reid filed this complaint, pursuant to 42 U.S.C. § 1983 against the Federal Marshall and the County Defendants alleging confiscation and destruction of his legal materials, as well as denial of access to legal research materials. At the same time, Mr. Reid also filed this motion for a TRO against the Defendants. On May 18, 2006, the judges of the District of New Hampshire recused themselves from hearing this case, and it was transferred to the District of Rhode Island. On June 2, 2006,

the Honorable Magistrate Judge Lincoln D. Almond issued an Order directing the Marshall to serve all Defendants, and further directing all Defendants to answer no later than 7 days from receipt of service. The County Defendants were served on June 9, 2006. However, due to miscommunication between the County Defendants and undersigned counsel, undersigned counsel was under the impression that outside counsel would be retained by the County to file this response, as is the usual practice. It was not until June 22, 2006 that undersigned counsel learned that the County did not retain outside counsel. Thus, undersigned counsel requests permission for late filing of the County Defendants' response to the Plaintiff's request for TRO.

Mr. Reid's motion for TRO is based upon allegations that the Defendants are not permitting him to place outgoing or receive incoming telephone calls; that they are not permitting him sufficient access to his legal materials and legal research; and that they are not providing him with sufficient supplies to prepare his defense. Mr. Reid alleges that these actions are preventing him from preparing an adequate defense.

## LEGAL STANDARD

A District Court may issue a TRO only upon a showing by the requesting party that "(1) plaintiff will suffer irreparable injury; (2) plaintiff's injury outweighs potential injury to defendants; (3) likelihood of success on the merits; [and] (4) public interest will not be adversely affected." Clarostat Mfg. Co., Inc. v. Ostrau, No. 82-299-L, 1983 WL 1315, at *1 (D.N.H. May 26, 1983) (*citing* Planned Parenthood of Mass. v. Belotti, 641 F.2d 1006, 1009 (1st Cir. 1981).

**DISCUSSION**

Mr. Reid alleges that, if not granted a TRO, he will suffer the irreparable injury of being denied his Sixth Amendment right to prepare his criminal defense, and his Fifth Amendment right of access to the courts.

As to his Fifth Amendment claim, it is belied by Mr. Reid's ability to file the lengthy pleadings accompanying this request for TRO and § 1983 relief. He therefore cannot sustain a claim based upon denial of access to the courts. As to his Sixth Amendment claim, the attached affidavit establishes that Mr. Reid has been allowed incoming legal calls and adequate time and access to his legal materials. It also establishes that no legal materials belonging to Mr. Reid have been destroyed, although metal clips were removed from transcripts, after which Mr. Reid refused to accept them. However, he was later provided the transcripts, by the District Court of New Hampshire, in another form. Mr. Reid therefore cannot sustain a claim of irreparable injury based upon inability to prepare his defense.

For the reasons set forth above, Mr. Reid cannot demonstrate a likelihood of success on the merits. The SCHOC has kept detailed records of the times it has allowed Mr. Reid access to his legal materials and to legal research. It did this in order to show compliance with requests of the Federal Marshall and the Federal District Court of New Hampshire that it allow Mr. Reid this privilege, regardless of his disciplinary record, due to his *pro se* status. Although he has suffered brief interruptions of his access to his legal materials, Mr. Reid in fact has all the access to them that he requests in his motion for TRO. Thus, there is no likelihood of his success on the merits.

## CONCLUSION

For the foregoing reasons, the County Defendants respectfully request that the Court allow late filing of this response, and deny the Plaintiff's Motion for Temporary Restraining Order.

Respectfully submitted,

Warren Dowaliby, Superintendent,
Strafford County House of Corrections,

By his attorney,

Janice K. Rundles
Strafford County Attorney
PO Box 799, 259 County Farm Road
Dover, NH 03821
(603) 749-28089

## Certificate of Service

This is to certify that the foregoing Response to Motion for Temporary Restraining Order was sent via first class mail to Gordon Reid, pro se, on this 23rd day of June, 2006.

Janice K. Rundles