**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **GORDON C. REID,**<br>**Plaintiff,**<br><br>**v.**<br><br>**STRAFFORD COUNTY DEPARTMENT MENT OF CORRECTIONS, ET AL.,**<br>**Defendants.** | ) | **NH Civil No. 06-CV-192**<br><br>**RI Misc. No. 06-MC-44-S** |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT STEVEN R. MONIER'S COMBINED RESPONSE TO PLAINTIFF'S MOTION FORTEMPORARY RESTRAINING ORDER AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

**NOW COMES** the Defendant, Gordon C. Reid, pro se, with this Motion For Enlargement of Time To Respond To Defendant Monier's Pleading pursuant to Fed. R. Civ. P. 6 (b) (1), and in furtherance of the foregoing respectfully sets forth as follows:

1. On or about May 5, 2006 Plaintiff filed the instant action alleging, inter alia, that Defendants were depriving him of access to his legal files, law books, and the law computer.

2. On or about May 19, 2006 Defendant was notified that the instant action was transferred to the District of Rhode Island.

3. On or about June 15, 2006 Plaintiff received a copy of the Defendant Steven R. Monier's Combined Response To Plaintiff's Motion For Temporary Restraining Order ("TRO"), And Motion To Dismiss Pursuant to Fed. R. Civ. P. 12 (b) (1) & (6). (Hereinafter, "Response")

4. Between the time Plaintiff was notified that this action had been transferred to the District of Rhode Island, and the receipt of defendant Monier's Response, he had not received any document from the district court in either the District of New Hampshire or the District of Rhode Island informing him that this case had been docketed in the District of Rhode Island, and

communicating the docket number and address of the court. Moreover, according to defendant Monier's response, "(o)n June 2, 2006, the Honorable Magistrate Judge Lincoln D. Almond issued a Memorandum and Order directing all Defendants to respond to the TRO motion no later than seven (7) days of receipt of the motion." Response at p. 3. However, Plaintiff did not receive notice of the referenced memorandum and order.

5. Defendant Monier's contends that because Plaintiff was able to smuggle paper and pen with which "he managed to file his lengthy Complaint and his motion for a TRO (h)e therefore, defeated his own allegation that he has been denied access to the courts." See Response at p. 4. At the same time, however, Defendant Monier attacks the legal sufficiency of the Complaint claiming, inter alia, that (a) "(Plaintiff) has not set forth the vehicle under which to bring his constitutional claims against a federal party," (b) "(Plaintiff) has not alleged facts to overcome sovereign immunity," (c) "there is no subject matter jurisdiction," and (d) "the Complaint is devoid of any factual allegations regarding Mr. Monier's personal involvement in any constitutional deprivation."

6. Plaintiff agrees with some of defendant Monier's assertions; specifically, that he did not set forth any factual allegations regarding Marshal Monier's personal involvement in the alleged constitutional deprivations. The absence of these assertions is not because these facts do not exist, but rather due to Plaintiff's lack of access to legal materials with which to consult in the framing his Complaint.[1] Had Plaintiff known, e.g., that he was required by law to set forth specific factual allegations showing defendant Monier's personal involvement, he would have done so; i.e., but for the fact that defendants were depriving him of access to the law, he had no way of determining this legal requirement. This not only holds true to the "personal

[1] While defendant Monier contends that "the record reflects that from March 30. 3006, to June 11, 2006, "Plaintiff" has accessed legal materials and legal research via computer for a total of 46 ½ hours," Response at p. 2, Plaintiff contends that this assertion is a blatant misrepresentation of the truth. Between March 28, 2006 and May 28, 2006 defendants not only seized Plaintiff's law books, and files, but provided him with absolutely no access to the law computer. See the affixed Affidavit of Gordon C. Reid, and

involvement" deficiency, but is also true of the other factual deficiencies referenced in defendant Monier's Response.

7. For the foregoing reasons, Plaintiff requests an enlargement of time to file a Motion To Amend, with an Amended Complaint, and Amended Motion For Temporary Restraining Order/Preliminary Injunction together with his Objection to defendant Monier's Response.

**WHEREFORE,** Plaintiff requests this Honorable Court grant the following relief:

A. Grant the foregoing motion and allow Plaintiff 20 days from the date of this motion to file his Motion To Amend, Amended Complaint, Amended Motion For Temporary Restraining Order/Preliminary Injunction with his Objection to the government's Response; and

B. Grant such other and further relief as this Honorable Court may deem just, equitable, and fair.

Respectfully submitted by,

PLAINTIFF, PRO SE

DATED: June 20, 2006

Gordon C. Reid
226 County Farm Road
Dover, New Hampshire 03820

<u>Certificate of Service</u>

I hereby certify that a true copy of the foregoing motion was served on counsel for defendant Monier by mailing, first class mail, ppd., to Victoria S. Shin, Special Attorney, 157 Church Street, New Haven, CT 06510.

Gordon C. Reid

---

Response To Defendant's Motion For Protective Order. The 46 ½ hours access, an amount of time which Plaintiff disputes, references the period of time subsequent to Mary 28, 2006