**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **GORDON C. REID,**<br>**Plaintiff,**<br><br>**v.**<br><br>**STRAFFORD COUNTY DEPARTMENT MENT OF CORRECTIONS, ET AL.,**<br>**Defendants.** | **NH Civil No. 06-CV-192**<br><br>**RI Misc. No. 06-MC-44-S** |

**AFFIDAVIT OF GORDON C. REID IN SUPPORT OF PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT STEVEN R. MONIER'S COMBINED RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

**NOW COMES** the Affiant, Gordon C. Reid, and hereby swears and avers the following statement is true and correct:

1. I am the above-captioned Plaintiff, Gordon C. Reid.

2. I have read, and am familiar with the foregoing *Plaintiff's Motion For Enlargement of Time To Respond To Defendant Steven R. Monier's Combined Response To Plaintiff's Motion For Temporary Restraining Order And Motion To Dismiss Pursuant To Fed. R. Civ. P. 12 (b) (1) And 12 (b) (6)*; all factual assertions contained therein are true and correct.

3. Between the time I was notified that this action was transferred to the district court in the District of Rhode Island on or about May 19, 2006, and on or about June 15, 2006, when I received a copy of defendant Monier's Response, I had not received any document from either the district court in the District of New Hampshire or the District of Rhode Island including any document informing me that this action had been docketed in Rhode Island, and of the docket number and address of the Court, nor did I receive a copy of the June 2, 2006 memorandum and order as referenced in defendant Monier's Response.

4. I have read the document entitled *Affidavit of Superintendent Warren Dowaliby, Strafford County House of Corrections.* While I take issue with a number of things stated in that document, I take particular issue with the assertion that I was given 46 ½ hours access to the law computer between March 30, 2006 and June 11, 2006.[1] I was not accorded any access to the law computer between March 28, 2006, to on or about May 28, 2006. At the time defendants Dowaliby, McPherson, Monier and others informed me that it was a privilege that could be taken away at their discretion.

5. Access was not reinstated until on or about May 28, 2006, and probable would not have been reinstated until much later, if at all, had it not been for "inquiries" from the United States Attorney's Office at the behest of the United States District Court for the District of New Hampshire (Honorable Judge DiClerico). This occurred during a Show Cause hearing held in the matter of *United States v. Gordon Reid, NH Docket No. 05-cr-057-01-JD* on my motion for transcripts arising from these defendants tampering with my legal mail by withholding and altering my legal mail (transcripts). Defendants Monier, Dowaliby, and McPherson were present at said hearing during which the Court directed AUSA Garrigan and Fitzgibbon to see what could be done about, among other things, my lack of access to the law computer.

6. As a result, AUSA Garrigan and Fitzgibbon subsequently reported to the Court that defendants had restored my access to the law computer on or about May 23, 2006; however, as stated above, defendants did not actually begin to again provide such access until on or about May 28, 2006. See, true and correct copy of *Government's Response To Defendant's Motion For Protective Order* affixed hereto.

7. Throughout this time defendants Monier, McPherson, and others, repeatedly informed me that but by leave of Marshal Monier and others in the U.S. Marshals Office for the District of New Hampshire, they would not have subjected me to the deprivations complained of in my

[1] It should be noted that the log reports referenced in the Dowaliby Affidavit was *not* included, or found, in defendant Monier's Response.

Complaint with particular regard to the seizing of my legal files, law books, depriving me of the use of a telephone and law computer, tampering with my legal mail, and other deprivations. In fact, had Marshal Monier voiced but the slightest objection to the actions of the other defendants, they would have ceased and desisted from subjecting me to the complained of deprivations as it has been my experience that these defendants consult with the Marshal Monier before taking such actions.

8. Ordinarily, before drafting any type of legal claim, I research the elements of the claim to insure that (1) my complaint falls within the scope of the specific claim, and (2) that I make sufficient factual allegations to state a claim. Because I did not have access to the law computer between March 28, 2006 and May 28, 2006 I was unable to do any research, and consequently did not understand precisely what was needed to state a claim under these circumstances.

9. My access to the law computer having been restored, I have had time to research my claims and conclude that if I am provided an enlargement of time I will be able to set forth sufficient factual basis, and law, in support of my Complaint, and motion for temporary restraining order.

FURTHER YOUR AFFIANT SAYETH NOT.

Signed under penalty of perjury on this the 20th day of the month of June in the year 2006.

Gordon C. Reid, Affiant