**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **GORDON C. REID,**<br>**Plaintiff,**<br><br>**v.**<br><br>**STRAFFORD COUNTY DEPARTMENT OF CORRECTIONS, WARREN F. DOWALIBY,** Superintendent, Strafford County House of Corrections; **JEFF MCPHERSON,** Captain, Strafford County House of Corrections; **KEVIN SULLIVAN,** Lieutenant, Strafford County House of Corrections; (First Name Unknown) **MCGOWEN,** Corporal, Strafford County House of Corrections; **FRED SERNE,** Correctional Officer, Strafford County House of Corrections; (First Name Unknown) **RIVERA,** Correctional Officer, Strafford County House of Corrections;<br>**Defendants.** | **Civil No. 06-CV-182-JD**<br><br>**Civil Misc. No. 06-MC-44-S** |

# AMENDED COMPLAINT

*(Complaint With Jury Trial Demand)*

INTRODUCTION: This is a Civil Rights and Tort action seeking Declaratory and Injunctive relief, as well as Compensatory and Exemplary Damages.

## I. JURISDICTION

1. Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983 to hear and adjudicate his Civil Rights Claims; and further invokes this Court's Pendent Jurisdictional powers to hear and resolve his State law claims.

## II. PARTIES

2. Plaintiff, Gordon C. Reid, at all times referenced herein, was being held in federal pretrial detention at the Strafford County Department of Correction, a.k.a., Strafford County House of Correction (hereinafter, "Strafford County Jail" or "SCJ") located at 266 County Farm Road, Dover, New Hampshire 03820.

3. Defendant Warren F. Dowaliby, at all times referenced herein, is the Superintendent of the Strafford County Jail; defendant Dowaliby has a principle place of employment at the Strafford County Department of Correction, 266 County Farm Road, Dover, New Hampshire 03820.

4. Defendant Jeff McPherson, at all times referenced herein, is the Captain of the guards (a.k.a., "correctional officers), and is also known as the "Assistant Superintendent"; defendant McPherson has a principle place of employment at the Strafford County Department of Corrections, 266 County Farm Road, Dover, New Hampshire 03820.

5. Defendant Kevin Sullivan, at all times referenced herein, is a Lieutenant of the guards; defendant Sullivan has a principle place of employment at the Strafford County Department of Corrections, 266 County Farm Road, Dover, New Hampshire 03820.

6. Defendant (First Name Unknown) McGowen, at all times herein referenced, is a Corporal of the guards; defendant McGowen has a principle place of employment at the Strafford County Department of Corrections, 266 County Farm Road, Dover, New Hampshire 03820.

7. Defendant Fred Serne, at all times herein referenced, is a jail guard and Disciplinary Officer; defendant Serne has a principle place of employment at the Strafford County Department of Corrections, 266 County Farm Road, Dover, New Hampshire 03820.

8. Defendant Rivera, at all times herein referenced, is a jail guard; defendant Rivera has a principle place of employment at the Strafford County Department of Corrections, 266 County Farm Road, Dover, New Hampshire 03820.

9. Plaintiff brings this action against defendants, and each of them, in the their personal, individual, and official capacities.

## III. FACTUAL ALLEGATIONS

10. On or about April 15, 2006 Plaintiff was indicted by a federal grand jury sitting in the District of New Hampshire on one count of violating the Hobbs Act (i.e., interfering with interstate commerce by means of force or threat of violence) in contravention to 18 U.S.C. § 1951.

11. Plaintiff was arraigned on or about April 22, 2005 and ordered held without bail, and remanded to the custody of the United States Marshal for the District of New Hampshire, Steven R. Monier, who then placed Plaintiff in custody of the Strafford County Jail to be detained pending trial.

12. At all times relevant to this Amended Complaint, Plaintiff is a federal pretrial detainee housed at SCJ.

**Conditions of Confinement at the Strafford County Jail**.

13. Defendants, and each of them, house both convicted prisoners and pretrial detainees within the same housing pods, and without distinction with the exception of custody classifications.

14. Strafford County Jail has three custody classifications: minimum, medium, and maximum security.

*Medium Security.*

15. Medium Security is designated "general population." Individuals housed in medium security units are accorded the following rights, privileges, and immunities:

(a) 18½ hours of out-of-cell time;

(b) use of telephones to place outgoing calls (toll or collect) anytime during out -of-cell time;

(c) use of microwave anytime during out-of-cell time;

(d) use of televisions anytime during out-of-cell time;

(e) use of radio at anytime;

(f) access to the commissary through which individuals may purchase food, clothing, hygiene, games, writing and mailing materials, and other items;

(g) eligibility for jobs paying $1.50 per hour;

(h) eligibility for participation in programs such as AA, Anger Management, GED, ESL, religious services, et cetera;

(i) access to the law computer;

(j) may consume meals in common area;

(k) access to recreation deck where they may participate sporting activity such as basketball and handball

(l) eligible for visits;

(m) and other rights, privileges, and immunities.

*Maximum Security.*

16. Maximum security consists of two units: Maximum Security ("D" Unit) and Disciplinary Segregation ("E" Unit). Individuals housed in either unit are not accorded any of the rights, privileges, and immunities enumerated in paragraph 15 (a) – (m). Such individuals are provided only 1½ hours of out of cell time per day, one book or magazine and bible, one four-inch pencil, and 2 sheets of writing papers.

*Placement In Disciplinary Segregation and Other Sanctions..*

17. According to the Strafford County Department of Corrections Inmate Handbook, July 18, 2004 Ed. (hereinafter, "I.H."), any inmate charged with violating any rule of the Strafford County Jail will be accorded a Disciplinary Hearing.

18. Sanctions for a minor rule violation include:

(a) reprimand;

(b) suspension of disciplinary segregation for a period of time

pending good behavior;

(c) assignment of extra work;

(d) placement in disciplinary segregation for up to fourteen (14) days for each offense;

(e) recommended loss of up to fifteen days good time;

(f) restriction of any privilege (when violation involves rules regulating that activity);

(g) restitution for damages; and

(h) any combination of the above enumerated sanctions.

19. Sanctions for major rule violations include:

(a) confinement in Disciplinary Segregation for up to thirty (30) days per incident, but not more than fourteen (14) consecutive days without review by the Superintendent;

(b) recommended loss of good time;

(c) loss of privileges for up to sixty (60) days;

(d) restitution for damages items;

(e) recommended loss of work release or work privileges;

(f) prosecution for any violation of the law;

(g) any combination of the above enumerated sanctions.

20. A Disciplinary Officer may not impose deprivation of correspondence, visiting, or telephone privileges when the violation is unrelated to those activities.

21. If an inmate is found not guilty of an infraction, the I.H. requires the "Records Supervisor" to remove all references to that offense from the inmate's "Booking Folder," and to purge the "Incident Report" from the "JMS."

*Placement In Maximum Security.*

22. The Strafford County Jail provides no meaningful or substantive process for placement of individuals in maximum security.

23. The conditions of confinement in Maximum Security and Disciplinary Segregation are substantially the same, and are otherwise indistinguishable.

24. On or about April 22, 2006 defendants Dowaliby, McPherson, Sullivan, and others unknown to this Plaintiff, did place Plaintiff in Maximum Security/Disciplinary Segregation without process, and just cause or reason for doing so.

**Other Relevant Conditions Of Confinement.**

25. Strafford County Jail, and defendants, and each of them, do not provide individuals, including this Plaintiff, with any opportunity for outside exercise/recreation.

26. That from on or about June 22, 2005 and continuing to this day, Defendants Strafford County Jail, Dowaliby, and McPherson have not once provided Plaintiff with an opportunity for outside exercise or recreation.

27. Defendants Strafford County Jail, Dowaliby, and McPherson deprive detainees and their other charges of the ability to obtain a full and complete night's rest, or otherwise engage in sleep deprivation, by

(a) leaving cell lights on twenty-four hours a day, and

(b) by cleaning throughout the night while operating heavy or otherwise loud machinery.

28. That defendants Dowaliby and McPherson have, in the manner as above-described in paragraph 28, supra, obstructed Plaintiff from obtaining a full, uninterrupted full night's rest since on or about June 22, 2005.

29. Strafford County Jail, and defendants, and each of them, coerce detainees, including this Plaintiff, to work by posting work schedules, giving direct orders themselves, or through their

subordinates, under threat of disciplinary action, and without giving of fair and just compensation.

30. That by such actions as stated in par. 29, supra, defendants Dowaliby and McPherson have forced Plaintiff to perform manual labor at least once a week, sometimes more, since on or about June 26, 2005, whenever he is housed in general population.

**Disciplinary Proceedings**.

*August 17, 2006 Incident.*

31. On or about August 17, 2006 Plaintiff was charged with violating rule MJ-12 (disobeying an order of a jail guard).

32. Plaintiff thereupon requested a copy of the incident report from the delivering officer and later from the Disciplinary Officer, defendant Serne, and was refused both time; consequently, because he did not learn of the underlying facts related to the charge until he appeared at the Disciplinary Hearing, Plaintiff was deprived of the opportunity to prepare for the hearing.

33. Not surprisingly, Plaintiff was found guilty of the charge and given a sanction involving Disciplinary Segregation:

(a) Plaintiff appealed this finding to defendant Dowaliby on the grounds that he had not been informed of the underlying facts until he appeared at before the Disciplinary Officer at his hearing;

(b) defendant Dowaliby denied Plaintiff's appeal.

*August 30, 2005 Incident.*

34. On or about August 30, 2005 Plaintiff was charged with violating MJ-1 (homicide, assault, threat of assault or holding any person hostage), and MJ-10 (disrupting or abusing any operation in the facility).

35. Plaintiff thereupon requested a copy of the incident report (related to par. 33, supra) from the delivering officer and later from the Disciplinary Officer, defendant Serne, and was

refused both time; consequently, because he did not learn of the underlying facts related to the charge until he appeared at the Disciplinary Hearing, Plaintiff was deprived of the opportunity to prepare for the hearing.

36. Not surprisingly, Plaintiff was found guilty of the charge(s) and given a sanction involving 15-20 days Disciplinary Segregation:

(a) Plaintiff appealed this finding to defendant Dowaliby on the grounds that he had not been informed of the underlying facts until he appeared before the Disciplinary Officer at his hearing;

(b) defendant Dowaliby denied Plaintiff's appeal

*Refusal To Expunge Not Guilty Findings.*

37. Defendants Dowaliby, McPherson, Sullivan, and Serne knew, or reasonably should have, that Plaintiff had been found not guilty of violating the following rules:

(a) on or about December 26, 2005, MJ-11 (fighting with a staff member or another inmate), and MJ-16 (resisting or interfering with any correctional staff member during a search, count, disturbance, emergency situation or an order to lock-down);

(b) on or about March 12, 2006, MJ-1 (abusive or offensive language or gestures, racial, ethnic, or sexual slurs, teasing or harassment towards a staff member, volunteer, or other person)), and MJ-16 (resisting or interfering with any correctional staff member during a search, count, disturbance, emergency or an order to lockdown.

38. Defendants Dowaliby, McPherson, Sullivan, Serne, and others unknown to this Plaintiff, have repeatedly refused to remove all references to the alleged offenses Plaintiff has been found not guilty of at a Disciplinary Hearing from his "Booking Folder, and to purge the related "Incident Report(s)" from the "JMS."

39. That, instead, defendants Dowaliby, McPherson, and others unknown to this Plaintiff, have repeatedly used the above charges in relation to which he has been found not guilty, in an attempt to justify their illegal and unlawful treatment of this Plaintiff as set forth in this Amended Complaint, and on other occasions.

**Obstruction and Interference With Plaintiff's Pretrial Preparation**.

40. On or about March 28, 2006 Defendants Monier, Dowaliby, and McPherson did agree to deprive Defendant of the following:

(a) access to the law computer;

(b) Plaintiff's law books;

(c) Plaintiff's writing materials;

(d) Plaintiff's legal files, both paper and electronic;

(e) access to a telephone to place or receive calls;

(f) visits.

41. On or about April 15, 2006 defendant Dowaliby and McPherson did agree to withhold, open, and tamper with Plaintiff's legal mail without his knowledge or consent.

42. As a result of the Defendants Monier, Dowaliby, and McPherson's actions as above-described in paragraphs 40-41, supra, Plaintiff was prevented from timely responding to the United States District Court (NH) order, in the matter of *United States v. Gordon Reid (No. 05-cr-57-01-JD)*, to supplement his motion to dismiss for double jeopardy from on or about April 15, 2006 until June 6, 2006, resulting in the proceedings being drawn out longer than otherwise would have been the case but for the actions of these defendants.

43. As a result of Defendants Moneir, Dowaliby, and McPherson's actions as above-described in pargaraphs 40-41, supra, Plaintiff was prevented from adequately communicating with the experts who had been retained to analyze evidence, and advise him, in the above-referenced matter of *United States v. Gordon Reid* from on or about March 28, 2006 through May 28, 2006.

44. That as result defendants Monier, Dowaliby, and McPherson's actions as above-described, Plaintiff was prevented from adequately preparing the expert testimony and evidence in his case resulting in his preparations being drawn out longer than otherwise would have been the case, and his trial being continued.

**Employment Practices at the Strafford County Jail.**

45. Plaintiff is African-American.

46. Approximately one third the population of federal pretrial detainees is of African-American ancestry.

48. On three occasions Plaintiff submitted written requests for placement in one of the paying job slots opened to federal pretrial detainees between June 27, 2005, and March 28, 2006, without answer.

49. On at least several other occasions between June 27, 2005, and March 28, 2006, Plaintiff made numerous verbal requests for placement in one of the paying job slots opened to federal pretrial detainees directly to the supervising official, to no avail.

50. During the same period as referenced in paragraph 48, supra, Plaintiff observed a number of African-American federal pretrial detainees make both verbal and written request for placement in one of the paying job slots opened to federal pretrial detainees, to no avail.

51. Between on or about June 22, 2005, and April of 2006, the Strafford County Jail employed only those of ancestry other than African-American in the paying job slots open to federal pretrial detainees.

52. In or about September of 2005 Plaintiff informed defendant Dowaliby that African-Americans, including himself, were not being placed in any of the approximately 5-10 paying job slots opened to federal pretrial detainees.

53. Defendant Dowaliby took no action to correct the situation.

54. As a direct and proximate result, Plaintiff was deprived of any opportunity to be employed in one of the paying job slots opened to federal pretrial detainees.

**Use of Force.**

*Use of Pepper Mace.*

55. On or about December 25, 2005 Plaintiff was attacked by a detainee who he promptly seized and restrained from further assaulting and battering his person.

56. Defendant McGowen responded to the above situation by spraying Plaintiff several times for prolonged periods with excessive amounts of pepper mace directly in Plaintiff's eyes, nose, mouth, facial area in general, front upper body, and back of his head.

57. Immediately following being maced defendant Sullivan ordered Plaintiff be taken to intake and placed in the shower.

58. Defendant Sullivan knew, or reasonably should have known, that the shower he ordered Plaintiff placed in did not have cold water.

59. Defendant Sullivan knew, or reasonably should have known, that showering with warm to hot water after being maced would open his pores while spreading the mace over different parts of his body, and that the over-all affect would be to spread, acerbate and magnify the affects caused by the pepper mace.

60. In compliance with defendant Sullivan's order, Plaintiff was taken to Intake and placed in a warm-hot shower causing the mace to wash down to his lower body, and in particular his genitals, which, as a result of his pores being opened by the hot water, caused immense pain to his genitals and other parts of his body.

61. As a direct and proximate result of defendant's McGowen actions, Plaintiff suffered immense burning to his eyes, nose, throat, and upper body; furthermore, his eyes were swollen and blood filled for at least 4 days, and ultimately resulted in a loss of vision.

62. As a direct and proximate result of defendant's Sullivan's actions, Plaintiff was made to suffer severe burning to his genitals for two days.

*Use of Physical Force.*

63. On or about May 19, 2006, at approximately 5:45 a.m. defendant Rivera did open Plaintiff's cell for a "cell inspection."

64. After completing said "cell inspection" defendant Rivera did threaten Plaintiff with the use of physical force without just cause or reason to do so.

65. That when Plaintiff took exception to defendant Rivera's threat, and informed defendant Rivera he was going to call the desk, defendant Rivera forcefully struck Plaintiff in the chest as he reached for the button on the intercom.

**Variegated Facts**.

66. As to each claim, Plaintiff has exhausted such administrative remedy as provided by Strafford County Jail by filing such grievances, and when answered, appealing them.

67. Plaintiff further asserts that the Strafford County Jail grievance procedure is deficient in that it lacks accountability, and grievances are rarely answered, or returned.

68. In May of 2006 Plaintiff's aunt, who resided two towns away, died.

69. As a result of defendants Dowaliby and McPherson's depriving him of access to a telephone and visits, and a limit to only three personal letters per week, Plaintiff was prevented from expressing his condolences to all of his cousins, aunts, and other family members as well as grieving his aunt's death with his family.

70. Throughout Plaintiff's placement in Maximum Security/Disciplinary Segregation from March 28, 2006 to this day, without just cause or reason for doing so, defendants Dowaliby and McPherson have ordered him placed in "full restraints" requiring him to wear handcuffs and leg irons whenever he leaves the unit; or in the alternative, failed to periodically review the appropriateness of his placement on said status through utilization of reasonably objective criteria pursuant to any established policy:

71. In March of 2006 defendant McPherson did inform Plaintiff that a number of his officers, and inmates, did not like the fact that Plaintiff was investing so much time in working on his case, and that if he did not show more appreciation of his being allowed to work on his case,

he would place him in maximum security/disciplinary segregation where he would make working on his case as hard as possible.

72. In April of 2006 defendant McPherson did cause to have Plaintiff "classified" to maximum security/disciplinary segregation under the guise of having him investigated by the Sheriff's Department for allegedly stabbing another inmate with a spork.

73. Subsequent to placing Plaintiff in maximum security/disciplinary segregation defendant McPherson did cause to seize, or abetted in the continued seizure of, all of Plaintiff's legal files, both electronic and paper, law books, writing tools.

74. Defendant McPherson also refused to allow Plaintiff to continue receiving telephone calls from his experts, private investigator, and standby counsel, and refused to allow Plaintiff access to a telephone to call his experts, private investigator, and standby counsel, and deprived him of visits.

75. Defendant Dowaliby also expressed the same sentiments as expressed by defendant McPherson in paragraph no. 71, supra, to this Plaintiff on various occasions between June of 2005 and April, and further stated that Plaintiff had no right to access the law computer, other tools needed to prepare his case like access to a telephone and law books,

76. Defendant Dowaliby further threatened to take away access to the law computer, telephone, and law books if Plaintiff did not acquiesce to his treatment at Strafford County Jail, including the unlawful and unconstitutional requirement that he clean the common area without just and fair compensation.

77. In April of 2006 defendant Dowaliby did cause to have Plaintiff "classified" to maximum security/disciplinary segregation under the guise of having him investigated by the Sheriff's Department for allegedly stabbing another inmate with a spork.

78. Subsequent to placing Plaintiff in maximum security/disciplinary segregation defendant Dowaliby did cause to seize, or abetted in the continued seizure of, all of Plaintiff's legal files, both electronic and paper, law books, writing tools.

79. Defendant Dowaliby also refused to allow Plaintiff to continue receiving telephone calls from his experts, private investigator, and standby counsel, and refused to allow Plaintiff access to a telephone to call his experts, private investigator, and standby counsel, and deprived him of visits.

## IV. <u>STATEMENT OF CLAIMS</u>

**<u>First Cause of Action</u>.**

80. Defendants Moneir, Dowaliby, and McPherson, individually and singularly, or in combination, consort, and agreement, by seizing Plaintiff's legal files, law books, and writing tools, and denying him access to a telephone to make and/or receive calls and visits, and by tampering with his legal mail, did deprive Plaintiff of ACCESS TO THE COURT, and his RIGHT TO COUNSEL in contravention to the 1st, 5th, 6th, and 14th Amendments of the United States Constitution:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 40 – 44, supra, as if fully set forth herein.

**<u>Second Cause of Action</u>.**

81. That Defendant Dowaliby, and with others known and unknown, individually and singularly, or in combination, consort, and agreement, by refusing to correct his subordinates policy of not hiring federal pretrial detainees of African-American ancestry, did NEGLECT TO PREVENT CONSPIRACY in contravention to 42 U.S.C., Sections 1985, and 1986 and otherwise did deprive Plaintiff of EQUAL PROTECTION OF THE LAW in contravention to the 14th Amendment of the United States Constitution, and by such failure did cause Plaintiff to be deprived of such rights, privileges, and immunities:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 45 – 54, supra, as if fully set forth herein.

**Third Cause of Action**

82. That Defendants Monier, Dowaliby, McPherson, and Serne, individually or singularly, or in combination, consort, or agreement, by placing Plaintiff in Maximum Security/Disciplinary Segregation, without process or cause to do so, did deprive Plaintiff of DUE PROCESS in contravention to the 5th and 14th Amendments of the United States Constitution.

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 11 – 24, supra, as if fully set forth herein.

**Fourth Cause of Action.**

83. That defendants Strafford County Jail, Dowaliby, and McPherson, individually and singularly, or in combination, consort, or agreement, by refusing to allow Plaintiff outside recreation/exercise for over a year, did inflict upon his person CRUEL AND UNUSUAL PUNISHMENT and thereby deprived him of DUE PROCESS in contravention to the 5th, 8th, and 14th Amendments of the United States Constitution:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 25- 26, supra, as if fully set forth herein.

**Fifth Cause of Action.**

84. That defendants Strafford County Jail, Dowaliby, and McPherson, individually and singularly, or in combination, consort, or agreement, by refusing to turn off the overhead light in Plaintiff's cell at night, and/or operating loud machinery during such times, did inflict upon his person CRUEL AND UNUSUAL PUNISHMENT and thereby deprived him of DUE PROCESS in contravention to the 5th, 8th, and 14th Amendments of the United States Constitution:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 27 – 28, supra, as if fully set forth herein.

**Sixth Cause of Action.**

85. That defendants Dowaliby, McPherson, and others known and unknown, individually and singularly, or in combination, consort, or agreement, by ordering Plaintiff to perform manual labor under penalty of sanctions, and/or without due and fair compensation, did inflict upon Plaintiff INVOLUNTARY SERVITUDE and thereby deprived him of DUE PROCESS in contravention to the Section 1 of the 13th Amendment, and the 5th and 14th Amendments of the United States Constitution:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 29 – 30, supra, as if fully set forth herein.

**Seventh Cause of Action.**

86. That defendants Dowaliby, and Serne, individually and singularly, or in combination, consort, or agreement, by refusing to inform Plaintiff of the facts underlying charged violations of institutional rules before appearing at the Disciplinary Hearing being held in regard thereto, did deprive Plaintiff of DUE PROCESS in contravention to the 14th Amendment of the United States Constitution:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 31 –36, supra, as if fully set forth herein.

**Eighth Cause of Action.**

87. That defendants McGowen by assaulting and battering Plaintiff with pepper mace, without just cause or reason to do so, or in the alternative, by spraying Plaintiff with an excessive amount of pepper mace, did inflict upon his person CRUEL AND UNUSUAL PUNISHMENT in contravention to the 5th, 8th. and 14th Amendments of the United States Constitution; or in the alternative, did commit an ASSUALT AND BATTERY upon Plaintiff's person:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 55, 56, and 61, supra, as if fully set forth herein.

**Ninth Cause of Action.**

88. That defendant Sullivan, by ordering Plaintiff placed in a warm/hot shower after being sprayed with pepper mace, did inflict upon his person CRUEL AND UNUSUAL PUNISHMENT in contravention to the 5th, 8th, and 14th Amendment of the United States Constitution; or in the alternative, did sanction or otherwise commit an ASSAULT AND BATTERY upon Plaintiff's person:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 55 – 62, supra, as if fully set forth herein.

**Tenth Cause of Action.**

89. That defendant Rivera, by striking Plaintiff in the chest without reason nor cause to do so, did inflict upon his person CRUEL AND UNUSUAL PUNISHMENT in contravention to the 5th and 14th Amendments of the United States Constitution; or in the alternative, did commit an ASSAULT AND BATTERY upon Plaintiff's person:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 63 – 65, supra, as if fully set forth herein.

**Eleventh Cause of Action.**

90. That defendants Dowaliby and McPherson, by placing plaintiff in full restraints whenever leaving the unit, and keeping him on said status without without just cause or reason for doings so, or reasonably objective review process, did deprive him of his liberty under the DUE PROCESS CLAUSE in contravention to the 5th and 14th Amendments of the United States Constitution:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraph 70, supra, as if fully set forth herein.

**Twelth Cause of Action.**

91. That defendants Dowaliby and McPherson, by depriving Plaintiff of the use of a telephone to place out-going calls, visits, and limiting him to mailing only three personal letters

per week, did deprive Plaintiff of FREEDOM OF ASSOCIATION in contravention to the 1st and 14th Amendments of the United States Constitution:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 68-69, supra, as if fully set forth herein.

**Thirteenth Cause of Action.**

91. That defendants Dowaliby and McPherson, by placing Plaintiff in maximum security/disciplinary segregation and refusing to let him out, and further depriving him of access to the law computer, telephone, legal files, writing implements, and law books, because Plaintiff was representing himself and asserting his right to access such tools, did subject him to RETALIATION in contravention to the 1st and 14th Amendment of the United States Constitution:

(a) Plaintiff incorporates by reference all factual assertions contained in paragraphs 71-79, supra, as if fully set forth herein.

## V. RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests this Court grant the following relief:

A. FIRST CAUSE OF ACTION: In relation to each defendant named in this cause of action, Plaintiff requests compensatory damages in the amount of $1,250,000 and punitive damages in the amount of $2,500,000.

B. SECOND CAUSE OF ACTION: In relation to each defendant named in this cause of action, Plaintiff requests compensatory damages in the amount of $75,000, and punitive damages in the amount $375,000.

C. THIRD CAUSE OF ACTION: In relation to each defendant named in this cause of action, Plaintiff requests compensatory damages in the amount of _$150,000, and punitive damages in the amount of $750,000.

D. FOURTH CAUSE OF ACTION: In relation to each defendant named in this cause of action, Plaintiff requests compensatory damages in the amount of $50,000, and punitive damages in the amount of $250,000.

E. FIFTH CAUSE OF ACTION: In relation to each defendant named in this cause of action, Plaintiff requests compensatory damages in the amount of $125,000, and punitive damages in the amount of $625,000.

F. SIXTH CAUSE OF ACTION: In relation to each defendant named in this cause of action, Plaintiff requests compensatory damages in the amount of $250,000, and punitive damages in the amount of $1,000,000.

G. SEVENTH CAUSE OF ACTION: In relation to each defendant named in this cause of action, Plaintiff requests compensatory damages in the amount of $50,000, and punitive damages in the amount of $250,000.

H. EIGHTH CAUSE OF ACTION: In relation to the named defendant's civil rights violations, Plaintiff requests compensatory damages in the amount of $75,000, and punitive damages in the amount of $375,000; or in the alternative, in relation to the common law cause of action, Plaintiff requests compensatory damages in the amount of $100.000, and double or treble damages.

I. NINTH CAUSE OF ACTION: In relation to the named defendant's civil rights violations, Plaintiff requests compensatory damages in the amount of $75,000, and punitive damages in the amount of $375,000; or in the alternative, in relation to the common law cause of action, Plaintiff requests compensatory damages in the amount of $125,000, and double or treble damages.

J. TENTH CAUSE OF ACTION: In relation to the named defendant's civil rights violations, Plaintiff requests compensatory damages in the amount of $75,000, and punitive damages in the amount of $375,000; or in the alternative, in relation to the common law cause of

action, Plaintiff requests compensatory damages in the amount of $125,000, and double or treble damages.

K. ELEVENTH CAUSE OF ACTION: In relation to the named defendant's, and each of them, civil right violations, Plaintiff requests compensatory damages in the amount of $150,000, and punitive damages in the amount of $750,000.

L. TWELTH CAUSE OF ACTION: In relation to the named defendants, and each of them, civil right violations, Plaintiff requests compensatory damages in the amount of $75,000, and punitive damages in the amount of $375,000.

M. THIRTEENTH CAUSE OF ACTION: In relation to the named defendants, and each of them, civil right violations, Plaintiff requests compensatory damages in the amount of $150,000, and punitive damages in the amount of $725,000.

O. As to each count, Plaintiff further requests, in the alternative nominal damages as may be just, equitable, and fair.

P. As to each count, Plaintiff further requests such special damages as may be as just, fair, and equitable.

P. Plaintiff requests this Court further award costs, and attorney's fees.

I, Gordon C. Reid, hereby certify that the foregoing is true and correct. Signed under penalty of perjury on this the 10[st] day of July 2006.

Gordon C. Reid