**SUPPLEMENTAL AFFIDAVIT OF SUPERINTENDENT WARREN DOWALIBY, STRAFFORD COUNTY HOUSE OF CORRECTIONS**

**NOW COMES Warren F. Dowaliby, Superintendent of the Strafford County House of Corrections, and here by states, under oath, the following:**

**1.** I have re viewed the disciplinary records at the SCHOC with regard to inmate Gordon Reid. These records reveal that in each case where he was placed in disciplinary segregation, he was served with notice of the charges against him and the date on the incident in advance of the disciplinary board hearing. Inmates have a right to appeal the disciplinary board finding to me for review. In two instances (December, 2005 and March, 2006) inmate Reid did appeal the disciplinary board finding to me.

**2.** Since the filing of my original affidavit, I have also reviewed the log kept by Educational Director Jake Collins of in mate Reid's access to the law library. This log is 12 pages long and begins on June 24, 2005, and ends now ends on June 26, 2006. I discovered that I miscalculated the number of hours inmate Reid was recorded as using the law library between March 30 and Jun e 11, 2006. The actual number is somewhere between 40 and approximately 46 hours. The uncertainty about the exact number arises from the fact that no end time was recorded for June 5, 2006. I have attached the relevant pages of the log to this affidavit. They show that most of those 46+ hours were between May 28 and June 11, 2006. This was due to the fact that inmate Reid was involved in 2 serious physical altercations, one on March 29 and one on April 15, and thus was in disciplinary segregation for much of that period.

**3.** I have also reviewed the medical records at the SCHOC for inmate Reid. These records show that, on December 29, 2005, after he had been mace sprayed to break up a fight between him and another inmate, Mr. Reid was treated by our medical staff for his exposure to the spray. The records also show that he made a complaint to the medical department on May 18, 2006 concerning lingering effects to his eyes form this incident. Mr. Reid was sent outside the facility to an eye doctor, who prescribed ointment. The records do not show any complaint about loss of eyesight or pain/burning in the genital area. With respect to the decontamination Mr. Reid underwent from the incident in December, I have been informed that the cold shower in the medical area was unavailable to him due to the fact that the other inmate involved in the altercation needed medical attention. Therefore, another shower in the facility was used to decontaminate him and every effort was made to keep the water cool instead of warm.

**4.** As stated in my original affidavit, inmates in maximum security have access to a telephone where they can receive in=coming legal calls. They are taken out of their cells to receive such calls. I recall being informed at one point that this telephone was not functioning. As soon as this was brought to my attention, I had the telephone repaired. I am not aware of any other time when Mr. Reid might have been unable to receive an incoming legal call while in maximum security.



EXHIBIT B

**I hereby declare, under oath, that the foregoing is accurate and true to the best of my knowledge and belief.**

**Warren F. Dowaliby, Superintendent**
**Strafford County House of Corrections**

**On this 28th day of June, 2006, before me appeared the above referenced affiant, Warren F. Dowaliby, and made oath that the foregoing statement is true and accurate.**

**~~Notary Public~~/Justice of the Peace**

12/26/05 IM Reid reclassified to maximum security after he was involved in an altercation in his unit.

1/05/06 Law library reinstated for IM Reid- used mobile cart from 1000- into evening hours

1/06/06 IM Reid used mobile cart 1100- into evening hours

1/09/06 IM Reid used mobile cart 0900- into evening hours

1/10/06 IM Reid used mobile cart 1300- into evening hours. Escorted IM Reid to the teacher's room so he could have access to a copier to copy sensitive medical information in person.

1/11/06 Provided IM Reid numerous copies and assisted him with mailing a registered mail parcel containing legal material

1/12/06 Provided IM Reid with 12 sets of numerous copies of legal materials.

1/13/06 Re-copied several items for IM Reid at his request. Mailed 4 sets of legal materials for IM Reid

1/16/06 IM Reid used mobile cart 1200- into evening hours

1/17/06 IM Ried used mobile cart 1100- into evening hours. Provided IM Reid 100+ sheets of paper and mailed 9 sets of legal materials for IM Reid

1/18/06 IM Reid used mobile cart – unsure of times

1/19/06 IM Reid used mobile cart 1230- into evening hours- Installed NH Law database on the mobile computer per IM Reid's request

1/20/06 IM Reid reclassified into G unit general population. Left mobile cart in the unit for IM Reid to use as needed. Provided IM Reid with a new ink cartridge and 100+ sheets of paper.

1/24/06 IM Reid having difficulty with printing. Stated that the computer was not working correctly. I reinstalled the printer software and NH Law database. Computer operational.

***1/25/06 Law Library has been left in G Unit for IM Reid's exclusive use as needed days,evenings and weekend hours. Daily log is discontinued due to IM Reid having permanent access to the Mobile Law Computer. All following notes are in addendum.***

1/31/06 Provided IM Reid with 100+ sheets of paper

2/2/06 Provided IM Reid with a new print cartridge

2/6/06 IM Reid out to court- had request from another IM to print discovery materials- borrowed cartridge from mobile cart to print these materials.

| | |
|---|---|
| 2/7/06 | IM Reid submitted a request to Supt. Dowaliby that the printer needed a cartridge. Furnished said cartridge |
| 4/14/06 | IM Reid reclassified due to altercation in G unit. IM Reid now housed in maximum security. **Access to law computer has been suspended.** IM Reid has requested several documents to be copied and mailed. These requests have been fulfilled. |
| 5/27/06 | IM Reid's access to the law computer has been reinstated on a trial basis. He will be allowed to use the computer on Sat. 5/28 and Sun. 5/29 for a period of time in the mornings from approximately 9:00am to 11:45am Provided paper and printer ink. |
| 5/28 / 5/29 | IM Reid used law computer for a period of from approximately 0830 to 1130 on both days. |
| 5/30/06 | IM Reid used the law computer for a period from 0830-1200. |
| 5/31/06 | IM Reid used the law computer for a period from 0900-1215 |
| 6/5/06 | IM Reid use the law computer from 0900-<br>Updated federal law database for IM Reid<br>Brought IM Reid a CD from his attorney and allowed him to download documents onto the law computer from this CD. Furnished IM Reid with approx. 100 sheets of paper.<br><br>Supt. Dowaliby and myself met with IM Reid to discuss his concerns. IM Reid and Supt. Dowaliby conversed on matters reference to access to law library, IM Reid's disciplinary record at SCDOC and matters related to IM Reid's current classification. |
| 6/6/06 | IM Reid used law computer from 845-1500 |
| 6/7/06 | IM Reid used law computer from 900-1500 |
| 6/8/06 | IM Reid used law computer from 900-1500 |
| 6/9/06 | IM Reid used law computer from 730-1500 +<br>Provided IM Reid with updated federal law database and approx. 100 sheets of printer paper |
| 6/10-6/11 | IM Reid used law computer at least four hours each day this weekend as reported by duty officer |
| 6/13 | Provided IM Reid with 2 new ink cartridges (black ink and color ink) |
| 6/14 | Not logged |
| 6/15 | Not logged |
| 6/16 | IM Reid used law computer from 1530 to (inc.) |
| 6/17 | IM Reid used law computer from 1530 to (inc.) |