United States District Court
District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2006 MAY 10 A

United States of America

v. No. 05-CR-57-01-JD

Gordon Reid

Affidavit of Gordon C. Reid
In Support Of
Defendant's Supplemental Renewed Motion For Transcripts

Now comes the Affiant, Gordon C. Reid, and hereby sweears and avers the following is true and correct to the best of his knowledge:

I am the above-captioned Defendant, Gordon C. Reid; I give this affidavit in support of the foregoing "Defendant's Supplemental Renewed Motion For Transcripts" in regard to which I further state:

1. On April 26, 2006 Lt. Cullen brought to me what he proffered to be transcripts. All of the transcripts, but one volume, were a single stack with their envelopes and covers removed; upon further inspection I could tell where one volume began and the other ended.

2. Upon further inspection I also observed that the transcripts did not appear to be consistent in volume with the length of the transcribed trial; that the transcripts appeared to be the equivalent of approximately 400 pages short.

3. Consequently, I did accept the transcripts.

EXHIBIT D

4. It is my observation and conclusion that the transcripts were altered and incomplete.

5. I have read, and am familiar with the foregoing "Defendant's Supplemental Renewed Motion For Transcripts"; all factual assertions contained therein are true and correct.

Further Your Affiant Sayeth Not.

Signed under penalty of perjury on this the 3rd day of May 2006.

Gordon C. Reid

Gordon C. Reid

United States District Court
District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2006 APR 27 A 10:

United States of America

v. No. 05-CR-057-JD

Gordon Reid

Affidavit of Gordon C. Reid
In Support of Motion For Access To The Court

Now comes the Affiant, Gordon C. Reid, and hereby swears and avers as follows:

1. In early to middle March 2006 I received an incident report for allegedly refusing to lock in. On the following morning I was summoned to the office of Captain McPherson who told me that me that a number of inmates and prisoners resented the fact the fact that I worked so much on my case on the law computer, and that if I continued to receive any further incident reports he could and would move me to HP2 and make it hard on me to work on the law computer and my case.

2. On or about March 30, 2006 I was attacked by another detainee who hit me two to three times in the face. At no time did I strike or swing at this person. Nevertheless the Superintendent ordered I be taken to HP2 ("D" Unit) and subsequently given a ticket (incident report) for "fighting."

3. Upon arrival in HP2 jail officials placed me

in 23 hour lockdown, seized my pen, papers, envelopes, stamps, and refused to allow ~~him~~ me access to the law computer, or ~~his~~ my electronic files.[4]

4. On or about April 14, 2006 I was moved to "H" Unit. On the following day approximately 4 inmates attacked my cousin in a cell; when I ran to assist my cousin two other inmates attacked me, one of whom I hit. Jail officials only wrote an incident report on me, and placed me again in HA2 ("D" Unit).

5. Upon placement in "D" Unit jail officials proceeded to once again seize law materials ~~to~~ from me; this time jail officials re-seized 15 law books, all of my legal papers and hard files, and writing implements.

6. Jail officials continued to deny me access to the law computer and my electronic files.

7. On each occasion I was placed in "D" Unit I was denied access to a telephone to call out; furthermore, my private investigator informed me that when he attempted to call me during this period, he was told that I ~~could~~ would not be allowed an incoming call on the secure line because I had been placed in "D" Unit.

---

[4] As of March 30, 2006 I had developed a database consisting of well over 500 documents pertaining to this case including research on related issues, notes, correspondence, impressions, strategies, motions, memoranda, affidavits, etc.

8. When I was placed in "D" Unit on or about March 30, 2006 jail officials gave me only one four inch pencil with a broken tip, and three pages of writing paper with which to write.

9. During the above occasion I was fortunate enough to have borrowed a pen from another prisoner who lent it to me very briefly along with a couple sheets of paper.

10. When I received the government's objection to my motion in limine VII, I planned to file a motion for leave to respond, together with a response, setting forth my objection to the government's that certain testimony of Debra [illegible] with respect to statements allegedly made to her, is not admissible under F.R.E. 801(d)(2); however, because jail officials had seized my electronic files together with the "law computer," I had no access to the law, and furthermore, no means with which to write such document (i.e., no paper and pen).

11. I also planned to file an objection / motion for reconsideration to this Court's order dated March 28, 2006, with particular regard to this Court's order on my motion to compel the government to provide me with negatives and photographs on the grounds that this Court's acceptance of the government's offer to allow standby counsel and any expert retained by me to view the negatives, and myself an opportunity to view the negatives in court at the next scheduled court meeting, constitutes an unwarranted

intrusion into my right to counsel, i.e., my right to proceed pro se. That it should not be left up to the government to decide what members of the defense can be present when the negatives are viewed. I was not, however, able to file this objection/motion for reconsideration for such reasons as stated in paragraph 10.

12. I also intended to file an objection/motion for reconsideration to that part of this Court's March 28, 2006 order pertaining to my motion to compel further discovery of the Grafton County robberies on the grounds that the government has not disclosed all information related to Renee King's brothers involvement in said robbery. Again, I was not able to draft or file this objection and motion for reconsideration for such reason as stated in paragraph 10

13. I also intended to draft and file a motion for clarification, or for reconsideration in relation to this Court's order of March 28, 2006 on my motion to dismiss for selective prosecution on the grounds that I had included a motion for discovery along with this the motion to dismiss for selective prosecution. For such reasons as stated in paragraphs 10 I was not able to draft and file this motion for reconsideration/clarification.

14. I am also aware of this Court's Procedural Order stating that the transcripts have been prepared. However, to date, I have not received the transcripts.

Further Your Affiant Sayeth Not.

Signed under penalty of perjury on this the 12th day of April 2006.

Gordon C. Reid
Gordon C. Reid

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

v. Criminal No. 05-cr-057-JD

Gordon Reid

O R D E R

A hearing shall be scheduled in this matter concerning the transcript issue.

Lieutenant Cullen from the Strafford County House of Correction is ordered to be present at the hearing.

The defendant is ordered to bring with him to the hearing all of the transcripts which he received.

SO ORDERED.

Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 12, 2006
cc: Gordon Reid, pro se
Michael J. Iacopino, Esquire
Helen W. Fitzgibbon, Esquire
Clyde R.W. Garrigan, Esquire
U.S. Probation
U.S. Marshal

(US. Attorney)
225-1552

Tuesday 10:00 hearing